Edward John **HERRERES**, Appellant,

v.

**UNITED STATES of America,**
Appellee.

No. 23000.

United States Court of Appeals
Ninth Circuit.

May 28, 1969.

---

2. 335 F.2d 841 (CA 5–1964).

Wm. Bryant Osborne (argued), Los Angeles, Cal., for appellant.

Arnold G. Regardie (argued), Asst. U.S. Atty., Wm. Matthew Byrne, Jr., U.S. Atty., Robert L. Brosio, Asst. U.S. Atty., Crim.Div., Los Angeles, Cal., for appellee.

Before BARNES and HUFSTEDLER, Circuit Judges, and SOLOMON, District Judge.*

PER CURIAM:

Edward John Herreres appeals his conviction for concealing and transporting marijuana illegally imported into the United States. 21 U.S.C. § 176a. He claims that the identity of an informant should have been revealed, that there was no probable cause to arrest, and that he did not exercise dominion and control over the marijuana. We reject each claim.

On January 29, 1968, an informant told a customs agent that a large amount of marijuana bound for Los Angeles would enter the United States through the port of entry at Calexico, California. On February 2, the informant told the agent that the marijuana would be hidden in a green, 1959 Ford Ranchero with California license G33912. That night, an unidentified Mexican drove the Ford across the border and parked it at an intersection in Calexico. An hour later, another person drove the car to North Hollywood, California, and parked it on the street. Two days later, agents arrested appellant after he entered the car and drove it away.

Since this was not a border search, the agents needed probable cause to arrest. United States v. Selby, 407

* Honorable Gus J. Solomon, United States District Judge, District of Oregon, sitting by designation.

F.2d 241 (9th Cir., 1969). When an informant is used to establish probable cause, the government must generally show the factual basis for the informant's conclusion and that the informant is reliable. Spinelli v. United States, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969).[1] Appellant concedes that the informant was reliable, but claims the basis for the informant's conclusion that the Ford contained marijuana cannot be known unless his identity is revealed.

In McCray v. Illinois, 386 U.S. 300, 87 S.Ct. 1056, 18 L.Ed.2d 62 (1967), the Court held that an informant's identity need not be revealed at a suppression hearing if the Judge is satisfied that the police had probable cause to arrest. As in *McCray*, the arresting officers were available for cross-examination both at the hearing and at the trial. Unlike *McCray*, the agents here do not know the factual basis for the informant's conclusion.

 This difference does not make disclosure necessary. Two additional facts support the likelihood that the informant's conclusion was correct. First, the tip was detailed. The informant knew the destination and the entrance point of the vehicle four days before it crossed the border. On the day the marijuana was brought into the country, the informant gave an exact description of the car. "When confronted with such detail," the agents "could reasonably infer that the informant had gained his information in a reliable way." Spinelli v. United States, 393 U.S. at 417, 89 S.Ct. at 589; Draper v. United States, 358 U.S. 307, 79 S.Ct. 329, 3 L.Ed.2d 327 (1958). Second, the unusual occurrences between the time the car crossed the border and appellant's arrest corroborate the informant's conclusion. United States ex rel. Cunningham v. Follette, 397 F.2d 143 (2d Cir. 1968). Cf. McCray v. Illinois, *supra*; United States v. Ventresca, 380 U.S. 102, 85 S.Ct. 741, 13 L.Ed.2d 684 (1965).

The informant's prior reliability, his detailed information, and the subsequent suspicious activity of the vehicle, reasonably permitted the customs agents to accept the informant's conclusion that the Ford contained marijuana. These facts also supplied probable cause to arrest appellant.

 Finally, we reject appellant's contention that he could not have had dominion and control over the marijuana because the Ford was under the constant observation of customs agents. Pederson v. United States, 392 F.2d 41 (9th Cir. 1968).

Affirmed.

---

1. *Spinelli* involved an affidavit in support of a warrant. The same standards apply where an arrest occurs without a warrant and probable cause is established later. 393 U.S. at 417, 89 S.Ct. 584, fn. 5.