The **GOVERNMENT OF the CANAL ZONE, Plaintiff-Appellee,**

v.

**Ivan Adolphus Jerome W. (Wright), Defendant-Appellant.**

**No. 71–1861.**

United States Court of Appeals, Fifth Circuit.

June 2, 1972.

---

Roger I. Dallam (Court appointed), Greenberg, Cohen & Dallam, Gretna, La., for defendant-appellant.

Lester Engler, U. S. Atty., Wallace D. Baldwin, Balboa, Canal Zone, for plaintiff-appellee.

Before RIVES, COLEMAN and DYER, Circuit Judges.

COLEMAN, Circuit Judge:

After trial to the Court without the intervention of a jury, Ivan Adolphus Jerome W. (Wright) [Jerome] was convicted of the illegal possession of narcotic drugs, 26 U.S.C., § 4724(c), and sentenced to imprisonment for seven years in the Canal Zone penitentiary. We affirm the judgment of the District Court.

According to the proof for the prosecution, the appellant, in possession of a quantity of cocaine, came in an automobile upon the military base at Fort Amador. Unknown to Jerome, an informant, a young soldier, had given the officers notice of the visit in advance.

This young soldier, a confessed marijuana smoker, had previously contacted Jerome by calling a telephone number which he had obtained from a fellow serviceman. On the first contact, he purchased a five dollar bag of marijuana. A week later, he made arrangements, again by telephone, for the purchase of cocaine, culminating in the prosecution now under review.

The informant testified at the trial. He stated Jerome appeared exactly at the agreed time and place. This was verified by the officers who had the operation under surveillance.

Jerome was first arrested for loitering, that is, for coming upon the military base in a vehicle without the required military decal, and thereafter parking and remaining near one of the buildings. In the magistrate's court Jerome pleaded guilty to the loitering charge.

After the arrest for loitering, the officers saw the paper bag on the back seat of the Jerome automobile, searched it, and found the cocaine. They then arrested appellant for that offense.

Jerome's defense, stoutly maintained but convincingly refuted, was that by sheer chance he had given the informant a ride and the informant was the man who had left the cocaine on the back seat.

Jerome now says, through other appointed appellate counsel, that the conviction should be reversed for any of three reasons: (1) His arrest was unlawful, a sham for the ensuing search and seizure, also without probable cause; (2) the search and seizure of the bag containing the cocaine was unlawful as the product of an invalid arrest, rendering the evidence thereby obtained inadmissible; and (3) the appellant's appointed counsel, the Public Defender for the Canal Zone, provided fatally ineffective representation at the trial.

█ If the officers had probable cause to search Jerome's automobile, the prior arrest for loitering is of no significance. See Chaney v. Wainwright [1972] 460 F.2d 1263.

█ We think the search in this case falls squarely within the rationale of Draper v. United States, 358 U.S. 307, 79 S.Ct. 329, 3 L.Ed.2d 327 (1959). When the officers heard from the informing soldier, they had no knowledge of his reliability. But when Jerome showed up at the time and place previously named by the informant, with a paper sack on the back seat of his vehicle, the required verification of reliability became all too evident. See Spinelli v. United States, 393 U.S. 410, 416, 417, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969);

United States v. Ardle, 9 Cir., 1970, 435 F.2d 861, and Cali v. United States, 5 Cir., 1964, 338 F.2d 974, 977.

■ Jerome says that he suffered ineffective assistance of counsel because the Public Defender did not move to suppress the fruits of the search. Upon examination of the trial transcript we find that the Public Defender subjected the prosecution witnesses, including the informant and the arresting officers, to a thorough grilling on the witness stand. He did his best to support Jerome's defense that the informant was the real culprit. There was overwhelming evidence to the contrary, credited by the trier of the fact.

All witnesses testified at the trial. From that evidence we have everything that could have been supplied on a motion to suppress. Such a motion would have postponed conviction for a few hours but it could not have changed the outcome. Probable cause for the search was, in our opinion, not open to reasonable contradiction. We therefore decline to condemn the representation as ineffective.

The judgment of conviction is

Affirmed.