STATE of Missouri, Plaintiff-Respondent,

v.

Paul TAYLOR, Defendant-Appellant.

No. 36988.

Missouri Court of Appeals,
St. Louis District,
Division Two.

June 29, 1976.

Daniel B. Hayes, K. E. Reiter, Clayton, for defendant-appellant.

Preston Dean, Douglas Mooney, Asst. Attys. Gen., Jefferson City, Courtney Goodman, Pros. Atty., Clayton, for appellant-respondent.

DOWD, Judge.

A jury found defendant guilty of Robbery in the First Degree by Means of a Dangerous and Deadly Weapon, Sections 560.120 and 560.135 RSMo 1969, and he was sentenced by the court to fifty years imprisonment pursuant to the Second Offender Act, Section 556.280. Defendant appeals.

Defendant's sole contention on this appeal is that the court erred in overruling his pretrial motion to suppress evidence obtained in a search and seizure which was allegedly without probable cause.

At the trial it was shown that on November 19, 1974 Earl Stone, seventeen years old, was working at the Allied Cleaners in Ferguson, Missouri. It was about 9 p. m. and he was getting reading to close the store. Two boys entered to use the bathroom. While they were still there, a black man came in and asked to wash his clothes but was told the store was closing. He left, the two boys left, and the man returned. He told Stone he had to pick up clothes from dry cleaning. Stone began looking for a ticket stub and then the clothes. When he turned around the man was pointing a gun at him and told him to give him the money and lay on the floor. Stone gave him currency and change from the cash box which amounted to $32.03, and his wallet which contained no money. The man then grabbed one or more clear plastic bags of clothes and fled.

In the meantime, two police officers received a call that there were "two suspicious negro males around an auto parts store at Wabash and Airport." One of the officers, Officer Edward Douglas, Jr. was patrolling in that area and proceeded to investigate. As Douglas turned the corner on Wabash, he observed a black man opening the left rear door of a brown Buick and loading it with plastic bags of clothing.

This was about ½ block from the scene of the robbery. He stopped his patrol car behind the Buick, turned on the red lights, got out and called out for the Buick to halt. The man instead got into the Buick and the car began rolling downhill. The officer again called out for the car to halt. When it did not, he jumped back into his car, radioed for assistance, and began following the Buick. Officer Robert Meyers was also enroute in response to the police call. He stopped in front of the Buick, blocking its path. It finally stopped, sandwiched in between the two police vehicles. Both officers got out and the occupants of the Buick got out when ordered to do so. There were two black females in front of the car and the black male in the back. Officer Douglas testified that he "patted down" the male for the officer's own security and asked for identification from all three. No evidence was adduced from this limited search. Douglas asked Officer Meyers to investigate the cleaning store to see if everything was all right. He did this because he associated the plastic bags of clothes he had observed with the dry cleaning store nearby. Meyers went into Allied Cleaners and found clerk Earl Stone on the phone with the police. Stone told Meyers he had just been robbed, and went with him about ½ block, where the two police cars and Buick were stopped. Stone positively identified defendant as the man who had just robbed the store. Defendant was placed under arrest for armed robbery. One of the females opened her purse at the request of Officer Meyers and he saw a gun laying inside it. He examined it and found it to be loaded. The two females were also placed under arrest for armed robbery.

All three suspects were taken to the police station. There defendant was ordered to empty his pockets of all his property and $32.93 was seized. The wallet of Earl Stone was found to be in the possession of one of the two females.

Appellant's sole challenge is that the search and seizure was without probable cause. He contends that the trial court

erred in overruling his pretrial motion to suppress the evidence seized as a result of said search and seizure, such evidence consisting of a black wallet, a revolver, $32.93 seized at the time of booking, and thirteen articles of clothing in the cleaning bags.

This contention is not preserved for review, because defendant did not object to the admission of the evidence at trial. *State v. Yowell*, 513 S.W.2d 397, 402[2] (Mo. banc 1974). "To properly preserve any alleged error by reason of the admission of evidence allegedly obtained as a result of an illegal search and seizure, the objection must be raised at the earliest possible opportunity by motion to suppress, kept alive by timely objection to the introduction at trial, and preserved by the motion for a new trial." *State v. Roberts*, 530 S.W.2d 428, 431[1] (Mo.App.1975) (Citing cases). Here the trial judge overruled the pretrial motion to suppress the above evidence. Then, at the trial, the evidence was admitted without the objection of the defendant. Therefore the issue of the improper search and seizure was not kept alive and is not preserved for review by this court. *State v. Hunter*, 530 S.W.2d 432, 433[1] (Mo.App.1975). The *Yowell* case, supra, 513 S.W.2d at 402–403, explains the rationale for the rule requiring objection *at* trial in addition to objections in pretrial and post-trial actions: 1) frequently a different judge presides at the hearing of pretrial motions than the judge who presides at the trial, and without this rule, the new trial judge would never be informed of the defendant's pretrial objection to the evidence; 2) trial strategy may account for the failure of defendant's attorney to object to items of evidence at the trial; 3) defendant's attorney may decide after hearing the evidence on the pretrial motion to suppress that his motion was without merit, so that requiring him to object advises the court that defendant wishes to pursue this objection; and 4) even if the same judge presides over both the pretrial motion to suppress and at trial (as in the case at bar) he may wish to reconsider his prior ruling and must have an opportunity to do so.

Although it is not required, this court has, *sua sponte*, reviewed the record and the trial transcript to determine if there was "plain error" so that Rule 27.20(c) should be applied. We are convinced that on the merits, there was no error in overruling the pretrial motion to suppress, and that the detention and frisking of defendant, as well as the search and seizure of the items introduced at trial, were done so properly.

A brief investigative detention on less than probable cause is not violative of the Fourth Amendment. *Adams v. Williams*, 407 U.S. 143, 145–146, 92 S.Ct. 1921, 32 L.Ed.2d 612 (1972), *State v. Stark*, 502 S.W.2d 261, 263–64[2] (Mo.1973). The further intrusion of a frisk-search is permissible only if a "reasonable inference arises that the suspect is armed and poses a danger to the officer and others about him." *Kansas City v. Fulton*, 533 S.W.2d 677, 680[3] (Mo.App.1976). This requirement is met here. Clearly it was reasonable for the officer to conduct a limited pat-down search for his own protection where he observed a man thrust bags of clothing into the back seat of a car, and whose vehicle began to move when ordered to halt, and continued to move when the halt order was repeated.

The challenges to each item of evidence seized can be readily answered. The wallet and revolver were seized from the two female occupants of the car. Defendant has no standing to raise the legality of the search of third parties. *State v. Hornbeck*, 492 S.W.2d 802, 808[10] (Mo. 1973), so his challenges to the seizure of the wallet and revolver are without merit. The money seized from defendant at the police station was permissible as incident to lawful arrest and as part of the routine booking procedure following arrest. *State v. Hohensee*, 473 S.W.2d 379, 381[4] (Mo.1971). Finally, the plastic cleaners bags containing the articles of clothing were lawfully seized under the "plain view" doctrine. *State v. Hohensee, supra*, at 381[3].

Here, the defendant was positively identified by the victim minutes after the

crime within a distance of ½ block of the crime with the fruits of the crime within his possession. Therefore, it is clear that the defendant's guilt of the crime charged was proved by strong, convincing, and overwhelming evidence. Therefore, we are convinced that no injustice will result from the affirmance of this judgment of conviction. *State v. Caffey*, 457 S.W.2d 657, 660[4, 5] (Mo.1970).

The judgment is affirmed.

CLEMENS, P. J. and STEWART, J., concur.