STATE of Arizona, Appellee,

v.

John Thomas WHITE, Appellant.

No. 1 CA–CR 3451.

Court of Appeals of Arizona,
Division 1,
Department B.

Feb. 22, 1979.

Rehearing Denied March 27, 1979.

Review Denied April 10, 1979.

**43**

John A. LaSota, Jr., former Atty. Gen., by William J. Schafer, III, Chief Counsel, Crim. Div., Robert S. Golden, Asst. Atty. Gen., Phoenix, for appellee.

Paul Hunter, Yuma, for appellant.

## OPINION

SCHROEDER, Presiding Judge.

The dispositive issue in this case is whether circumstances surrounding an informant's tip received by police officers provided probable cause to stop the vehicle in which appellant was riding and to search the occupants. We hold that there was not sufficient cause to justify the stop and therefore reverse.

On February 20, 1978, Yuma police officers received a tip from an informant, whom, they testified, had given reliable information in the past. The sum and substance of the tip was that the appellant and one Sheila Lane were "riding around Yuma" in Lane's car selling "dime" bags of heroin. The informant described the model and color of the vehicle and its license number. The informant did not indicate their destination or where the alleged sales had taken place. Nor did the informant indicate that he or anyone else had actually observed the sales or the heroin.

Prompted solely by this tip, the officers began patrolling the streets of Yuma looking for the automobile, and eventually found it. After following it for a short distance they stopped the car with weapons drawn and conducted pat down searches. While following the vehicle, the police officers observed nothing suspicious which would justify the stop and search. *See State v. Hocker,* 113 Ariz. 450, 556 P.2d 784 (1976). One officer testified that after the pat down searches the appellant asked nervously about his cigarettes. The officer

looked into the cigarette package and found several packages of heroin. Appellant was then arrested. He was subsequently convicted and sentenced to a term of five years to five years and one day for the crime of transporting heroin.

Although appellant has raised several issues in this appeal, we consider only his argument that the police lacked sufficient cause to stop the vehicle and the State's responding argument that probable cause was provided by the tip and corroborating circumstances.

In evaluating the adequacy of an informant's tip, we must be guided by the pronouncements of the United States Supreme Court requiring a firm showing of the reliability of the informant's information. The informant himself must be reliable, *Aguilar v. Texas,* 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964), and, the tip must show sufficiently detailed circumstances to indicate that the informant came by his information in a reliable way. *Spinelli v. United States,* 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969). If the tip itself fails to reflect sufficient underlying circumstances indicating reliability of the information, such reliability may in an appropriate case be supplied by independent observations of the police corroborating the information in the tip. *Draper v. United States,* 358 U.S. 307, 79 S.Ct. 329, 3 L.Ed.2d 327 (1959). *See also United States v. Myers,* 176 U.S.App. D.C. 76, 538 F.2d 424 (1976), *cert. denied* 430 U.S. 908, 97 S.Ct. 1179, 51 L.Ed.2d 584 (1977). The concern of the Court in these cases has been to avoid searches based upon "a casual rumor circulating in the underworld or an accusation based merely on an individual's general reputation." *Spinelli v. United States,* 393 U.S. at 416, 89 S.Ct. at 589, 21 L.Ed.2d at 644.

We consider first whether the informant's tip itself was sufficient. The tip identified the individuals and described the car, but with respect to criminal activity, consisted of no more than conclusory allegations. No details in the tip substantiated the informant's conclusion that the appellant was selling heroin.

We turn then to the State's principal contention that the tip was supported by adequate independent corroboration to provide probable cause for the stop. We observe initially that one of the corroborating factors enumerated by the State was the appellant's nervous behavior regarding

the cigarette package. This behavior, however, occurred after the initial stop and search, and cannot be corroborative of any circumstances justifying the stop in the first place.[1] The sole corroboration prior to the stop was the observation of the appellant and Lane in a particular automobile. Nothing in that "corroboration" linked the appellant to criminal activity. Moreover, it was information which would be available to anyone who knew the appellant and Lane and had been on a street corner when the car went past. In a materially similar case the Ninth Circuit Court of Appeals stated that the law enforcement officers had merely corroborated "innocuous details" which could be obtained by a "bystander observing the vehicle on the road." *United States v. Larkin*, 510 F.2d 13 (9th Cir. 1974); *see also United States v. Jordon*, 530 F.2d 722 (6th Cir. 1976). The United States Supreme Court has held that an informant's tip that a crime had occurred, coupled with a description of the defendant and the vehicle in which he was riding, was an insufficient initial impetus for an arrest. *Whiteley v. Warden, Wyoming State Penitentiary*, 401 U.S. 560, 91 S.Ct. 1031, 28 L.Ed.2d 306 (1971).

The State's reliance upon *Draper v. United States* is misplaced. In *Draper*, an informant had told the police that the defendant had gone to Chicago for the purpose of obtaining drugs, and that he would return on one of two mornings by train carrying the drugs. The informant went on to describe what the defendant would be wearing, the zipper bag he would be carrying, and even his gait. The defendant was arrested after police officers went to the station on one of the two mornings indicated, observed the defendant get off a train from Chicago, and further observed that he was wearing the clothing described in the tip, carrying the bag described in the tip and walking with the gait described in the tip. Even though the tip alone had not sufficiently supported the informant's conclusion that the defendant would be carrying drugs, it was corroborated in such detail that the corroboration was held sufficient to justify defendant's arrest and search. The tip in our case is marked by a dearth of details. *Contrast State v. Watkins*, Ariz.,

592 P.2d 1278 2 CA–CR 1484, (Ct.App., filed Jan. 11, 1979).

The other principal authority relied upon by the State is also not in point. In *Herreres v. United States*, 411 F.2d 1198 (9th Cir. 1969), not only did an informant provide information that a specific vehicle containing a large amount of heroin would cross the border into the United States from Mexico at a specific crossing, but the police officers independently followed the vehicle and observed unusual occurrences over the course of the next few days. In this case the tip is not only less detailed but officers observed nothing suspicious or even unusual before making the stop.

The conviction and sentence are reversed.

OGG, C. J., Division 1, and HAIRE, J., concur.

---

1. Although not stressed by the officers in explaining the reasons for the stop, the officers apparently did know the appellant to be a heroin addict. We do not believe, however, that appellant's reputation as a heroin addict can be the material ingredient establishing probable cause to believe that he was selling heroin, any more than the defendant's reputation in *Spinelli* as a gambler justified his arrest for running an illegal gambling operation.