604 P.2d 267

**The STATE of Arizona, Appellant,**

v.

**Richard Kenneth PETERSEN and Gary Dean Rogers, Appellees.**

**No. 2 CA–CR 1812.**

Court of Appeals of Arizona, Division 2.

Dec. 4, 1979.

Stephen D. Neely, Pima County Atty., by Michael D. Alfred, Deputy County Atty., Tucson, for appellant.

Law Offices of Robert C. Rowland, P. C., by Jeffrey A. Marks, Tucson, for appellee Petersen.

Richard S. Oseran, Pima County Public Defender, by Allen G. Minker, Asst. Public Defender, Tucson, for appellee Rogers.

## OPINION

RICHMOND, Chief Judge.

The state appeals from an order granting defendant Rogers's motion to suppress physical evidence and statements. It contends the court erred in its findings that Pima County Sheriff's officers lacked probable cause to arrest the defendants and that the state had not met its burden of showing that Rogers voluntarily consented to a search of his car. We affirm.

The power tools that are the subject of the motion to suppress were stolen from a former employer of defendant Petersen. The employer named Petersen, who had recently been fired, as a suspect in the theft. Rogers was implicated by two anonymous informants, who told a sergeant in the Pima County Sheriff's office that Rogers was a thief and had been seen with power tools near a certain address. A detective who went to the address saw the defendants working on a car that matched the informants' description of Rogers's car. After the defendants left, they were stopped and detained by a deputy until other officers arrived. Defendants were then advised of their *Miranda*[1] rights and Rogers was asked to consent to a search of his car. One of the officers testified that the defendants were questioned about the stolen power tools before Rogers signed the consent form. Rogers testified, however, that the officers told him they were searching for something the previous owner had stashed in the car, which Rogers had purchased about a week earlier. He said he would not have consented had he known the true purpose of the search. No consent form was produced by the state at the hearing, although Rogers had signed one.

 The defendants were not formally arrested until the tools were discovered. The trial court, however, apparently found

---

1. *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

that the arrest occurred earlier, when the defendants were placed in patrol cars and were no longer free to leave. Although a suspect may not be formally placed under arrest until later, "an arrest is complete when the suspect's liberty of movement is interrupted and restricted by the officers." *State v. Edwards*, 111 Ariz. 357, 359–60, 529 P.2d 1174, 1176–77 (1974). If the officers did not have probable cause at the time the defendants were placed in the patrol cars, the arrest was unlawful, and cannot be validated by the later discovery of the tools. *See Edwards*, supra.

 The anonymous tip and the suspicions of Petersen's former employer gave the officers reason to suspect the defendants, but did not justify their arrest. The standard of probable cause is greater than mere suspicion. *Edwards,* supra. There was no showing that the anonymous informants were reliable and had obtained their information in a reliable way, as is required under *Aguilar v. Texas,* 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964), and *Spinelli v. United States,* 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969). The independent observations of the detective, which corroborated the information that Rogers had a green car and could be found at a certain address, did not link the defendants to any criminal activity and did not make the tip reliable; they merely corroborated information that anyone living in Rogers's neighborhood would know. *State v. White,* 122 Ariz. 42, 592 P.2d 1308 (App.1979). Since the officers did not have probable cause to arrest, any evidence obtained as a fruit of the unlawful arrest was justifiably suppressed. *Edwards,* supra.

 Although the arrest was unlawful, the search of Rogers's car was justified if valid consent was given. *United States ex rel. Rigsbee v. Parkinson,* 407 F.Supp. 1019 (S.D.S.D.1976), *affirmed* 545 F.2d 56 (8th Cir. 1976). The illegal arrest, however, places the voluntariness of the consent under heavy scrutiny. *United States v. Bazinet,* 462 F.2d 982 (8th Cir. 1972). Whether a consent was voluntary is a question of fact to be decided on the totality of circumstances. *Schneckloth v. Bustamonte,* 412 U.S. 218, 98 S.Ct. 2041, 36 L.Ed.2d 854 (1973). Rogers testified that he consented to the search only because he was told the officers were searching for an object hidden in the car by a previous owner. Since his consent was obtained by deceit, Rogers cannot be said to have waived his Fourth Amendment rights voluntarily. *See United States v. Tweel,* 550 F.2d 297 (5th Cir. 1977); *United States v. Griffin,* 530 F.2d 739 (7th Cir. 1976). *Cf. Barnato v. State,* 88 Nev. 508, 501 P.2d 643 (1972) (consent to an animal control officer's entry into an enclosed yard for the ostensible purpose of checking a cat trap did not constitute a waiver of Fourth Amendment rights when the real reason for the entry was to seize a leaf from a marijuana plant.)

The trial court's finding that the state failed to meet its burden of proving the consent was voluntary was not clearly erroneous, and the order granting the motion to suppress is affirmed.

HOWARD and HATHAWAY, JJ., concur.