## THE STATE v. HARRY JULIN, Appellant.

### Division Two, February 18, 1922.

1. **INDICTMENT: Embezzlement: In Language of Statute.** An information or indictment for an offense purely statutory is sufficient if the language of the statute is substantially followed.

2. **EMBEZZLEMENT: Street Car Conductor: Sufficient Evidence.** Testimony tending to show that defendant, a street car conductor, as agent for a street railway company or its receiver, was over sixteen years of age, that he received certain moneys during the course of his employment, the property of the receiver, and that he converted it to his own use, together with admissions freely made by him to his friends and associates that he received the fare from passengers and retained the money, when he should have deposited it in the fare box, is sufficient to warrant a submission of the case to the jury on a charge of embezzlement.

3. ——: **Separate Offenses: Election.** Where there is only one count in the indictment, charging embezzlement, by a street car conductor, in receiving and converting money paid him by passengers as their fares, the charge is sustained by proving the embezzlement within the time limited by the statute; and where the evidence shows that on different dates for two years defendant converted to his own use moneys so received, the State is not to be confined to any particular day.

4. **WITNESSES: Indorsement on Indictment.** Absent any showing of prejudice suffered by defendant, the indorsement of the names of witnesses on the indictment during the trial, by permission of court, is not reversible error on appeal. Furthermore, such indorsement, if error, should be called to the attention of the court by motion to quash the indictment.

5. **PUNISHMENT: One Year's Imprisonment: Increased by Court.**
Where the jury returns a verdict finding defendant guilty of embezzlement as charged, and assessing his punishment at imprisonment in the penitentiary for one year, the court is authorized by statute to fix the punishment at two years' imprisonment, being the minimum fixed by the statute for such crime; and no constitutional right of defendant is invaded by the court in so raising his punishment.

6. **VERDICT: Guilty as Charged.** Where the indictment charges a felony, a verdict finding "defendant guilty of embezzlement as charged in the second count of the indictment," etc., is not improper or vulnerable.

Appeal from St. Louis City Circuit Court.—*Hon. Benjamin J. Klene,* Judge.

AFFIRMED.

*W. Blodgett Priest* and *Edward W. Foristel* for appellant.

(1) The first instruction given and read by the court to the jury is erroneous, improper, misleading and prejudicial to this defendant. (a) It should have required the jury to find from the evidence that this defendant did commit the crime as charged in the indictment on the day named therein instead of permitting them to base their verdict of conviction upon other crime or crimes not charged in the indictment. State v. Wissing, 187 Mo. 96. (b) Where an instruction attempts to cover the whole case it must incorporate all of the elements of the crime as charged in the indictment. State v. Lentz, 184 Mo. 223; State v. Pate, 268 Mo. 431. (c) It fails to adequately instruct the jury upon the punishment that they might assess in case they should find the defendant guilty, in that it fails to instruct them upon the minimum punishment. R. S. 1919, secs. 3313, 3327, 3698; State v. Cunningham, 154 Mo. 161; State v. Schilb, 159 Mo. 130; State v. Obuchon, 159 Mo. 256; State v. Lentz, 184 Mo. 223; State v. Wissing, 187 Mo. 96; State v. Sands, 77 Mo. 118; State v. McNally, 87 Mo. 644;

State v. Milliken, 170 Mo. 215; State v. Fair, 177 S. W. 473; State v. Gifford, 186 S. W. 1058. (2) The State should have been required, on proper motion by the defendant, to elect upon what particular item or items of embezzlement it would proceed and ask a conviction. State v. McCauley, 180 S. W. 869; State v. Pratt, 98 Mo. 490; State v. Noland, 111 Mo. 504; State v. Wise, 186 Mo. 42; State v. Wissing, 187 Mo. 105; State v. Shour, 196 Mo. 214; State v. Gebhardt, 219 Mo. 715. (3) The form of verdict was erroneous and should not have been received by the court, because it followed the indictment. State v. McCauley, 180 S. W. 869; State v. Pratt, 98 Mo. 490; State v. Noland, 111 Mo. 504; State v. Wise, 186 Mo. 42; State v. Wissing, 187 Mo. 105; State v. Shour, 196 Mo. 214; State v. Gebhardt, 219 Mo. 715. (4) The court should have granted the defendant a continuance for a reasonable length of time in order to meet the new testimony offered when the State surprised the defendant by calling to the witness stand to testify two witnesses whose names were not indorsed on the indictment. R. S. 1919, sec. 3839; State v. Steifel, 106 Mo. 129; State v. Johnson, 118 Mo. 491; State v. Shreve, 137 Mo. 1; State v. Myers, 198 Mo. 242; State v. Barrington, 198 Mo. 235; State v. Jeffries, 210 Mo. 302; State v. Lawson, 239 Mo. 591; State v. Conway, 241 Mo. 271; State v. Brown, 145 S. W. 1180; State v. Robinson, 172 S. W. 598. (5) Where in any case there is an alternative or discretion in regard to the kind or extent of punishment to be inflicted it is the province of the jury properly instructed to assess the punishment in their verdict and the court's duty to render judgment and pronounce sentence according to such verdict. R. S. 1919, sec. 4047; State v. Chissel, 245 Mo. 549. There is an exception noted in the foregoing section and it refers specifically to the three next succeeding sections. R. S. 1919, sec. 4047. Where a jury properly instructed finds a verdict of guilty and fails to agree on the punishment to be inflicted or do not declare such punishment by their verdict, or assess a punishment not authorized by law the court shall assess and declare

the punishment. R. S. 1919, sec. 4048; State v. Fooxe, 7 Mo. 502; State v. Gilbreath, 130 Mo. 500. Where a jury properly instructed assesses a punishment lower than that prescribed by law as punishment for the offense, or greater than that prescribed by law as punishment for the offense, the trial court may, in the former case assess the punishment according to the lowest limit prescribed by law, and in the latter the court may disregard the excess and assess the greatest punishment prescribed by law for the punishment of the offense. R. S. 1919, secs. 4049, 4050; State v. Britton, 183 S. W. 295. (6) If Sections 4049 and 4050 are not limited in their scope giving the trial court power only in those cases to correct the punishment assessed by the jury when the jury are properly instructed and assess a punishment in violation of these instructions, then the sections are, and the action of the trial court in this case in raising the punishment from one to two years under provisions of Section 4049, is a violation of the constitutional rights of this defendant. Mo. Constitution, sec. 22, art. 2; sec. 28, art. 2; sec. 30, art. 2; U. S. Constitution, Arts. 5 and 6 of Amendments.

*Jesse W. Barrett,* Attorney-General, and *Robert J. Smith,* Assistant Attorney-General, for respondent.

(1) The first instruction given by the court is proper and in approved form. Secs. 3313, 3327, R. S. 1919; State v. Rose, 178 Mo. 32. (a) The jury should not have been instructed to find that the offense was committed on the day named in the indictment, but was properly instructed to consider the acts of embezzlement which occurred within three years prior to the date of the filing of the indictment. State v. Gebhardt, 219 Mo. 715; State v. Shour, 196 Mo. 214; State v. Pratt, 98 Mo. 491; State v. Wise, 186 Mo. 42; State v. Wissing, 187 Mo. 96; State v. Blakemore, 226 Mo. 566. (b) The first instruction follows the indictment, incorporating all of the elements. (c) The instruction sufficiently informed the jury as to the punishment as fixed by the statute. Secs.

3313, 3327, R. S. 1919; State v. Rose, 178 Mo. 31. (2) The State should not have been required to elect upon which particular item or items of embezzlement it would proceed and ask a conviction. The court properly permitted evidence of acts on dates occurring within three years prior to the filing of the indictment. State v. Gebhardt, 219 Mo. 715; State v. Shour, 196 Mo. 214; State v. Pratt, 98 Mo. 491; State v. Wise, 186 Mo. 42; State v. Wissing, 187 Mo. 96; State v. Blakemore, 226 Mo. 566. (3) The verdict is in proper form. Where the indictment only charges one offense, as in this case, after dismissing the first count, a general verdict finding the defendant guilty and assessing his punishment is sufficent. State v. Bishop, 231 Mo. 415; State v. Martin, 230 Mo. 691; State v. Stark, 202 Mo. 220; State v. Steptoe, 65 Mo. 643. (4) The court did not err in permitting the names of the witnesses to be endorsed on the indictment. State v. Stegner, 276 Mo. 438; State v. Barrington, 198 Mo. 66; State v. Jeffries, 210 Mo. 322; State v. Rasco, 239 Mo. 553. The question is not properly before this court for review. The record does not disclose that there was any motion to quash the indictment upon the ground that the witnesses were not endorsed upon the indictment at the beginning of the trial. State v. Wilson, 223 Mo. 186; State v. Johnson, 118 Mo. 500; State v. Barrington, 198 Mo. 66. (5) Where a jury assess a punishment not authorized by law, the court shall assess and declare the punishment. Sec. 4048, R. S. 1919. If a jury assess a punishment below the limit prescribed by law for the offense for which the defendant is convicted the court shall pronounce sentence and render judgment in accordance with the lowest limit. Section 4049, R. S. 1919; State v. Sears, 86 Mo. 169; State v. Dalton, 106 Mo. 463.

REEVES, C.—Convicted on a charge of embezzlement, appellant has duly prosecuted his appeal to this court. The charge was by indictment returned by the grand jury of the city of St. Louis, and was in two

counts; one for larceny and the other for embezzlement. At the close of the State's evidence the larceny charge was dismissed, and the case was submitted to the jury on the charge of embezzlement. The jury returned a general verdict reciting that:

"We . . . find the defendant guilty of emblezzlement as charged in the second count of the indictment, and assess the punishment at imprisonment in the penitentiary *for one year.*"

Upon this verdict, after unsuccessful motion for a new trial and in arrest of judgment, the court sentenced the defendant for a period of two years in the penitentiary.

Appellant was one of the conductors of the United Railways Company of the city of St. Louis, and Rolla Wells was the receiver of that company. As such conductor, it was the duty of appellant, among other things, to require the passengers to deposit the proper fare in a box, provided for that purpose, and in the event that such passengers did not have the exact change, it was his duty to furnish them such change. For the purpose of facilitating the company's business, it provided for its passengers certain mental pieces, called tokens, which pieces or tokens each equalled one fare and could be deposited by the passengers in lieu of cash. The testimony tended to show that appellant was not only instructed not to receive the fares to be deposited in the box, but that there was a printed rule displayed on the platform of his car, always visible to passengers, instructing them to deposit their fares in the box, as the conductor was forbidden to receive them for deposit, except when unavoidable.

Much testimony was offered showing that on numerous trips appellant had received fares in violation of this rule, and had failed to deposit such fares in this box. This testimony covered various dates from April 4, 1919, to November 10th of the same year, and specified in great detail the number of fares collected and not deposited by appellant. It was also in evidence that appellant had taken money from the fare box. In numer-

ous conversations with his associates, appellant had admitted that from the time he "broke in" as conductor, he had collected and converted to his own use sums of money aggregating seven to eight dollars per day. For instance, he said that on the first day he worked for the company he made $7.50 in that way. It was in evidence that appellant began to work for the company in the latter part of October, 1917, the indictment herein having been returned on the 25th of November, 1919, so that all of such testimony was proper.

It further appeared that appellant told witnesses that he had taken nickles and dimes from certain colored passengers and kept the money. When asked if he put such fares in the box, he replied that he would be a "d——fool" if he did. He further admitted to his associates, some of whom testified, that for the purpose of making money out of the fares he would use tokens filed down to the size of a penny, and that he could use such tokens to the extent of several dollars per day. Several witnesses saw him using such tokens. The testimony tended to show that appellant had retained and converted to his own use aggregate sums considerably in excess of the amount charged in the indictment, which was fixed at $97.98.

I. Appellant by his motion in arrest of judgment challenges the sufficiency of the indictment.

The indictment is in the exact language of the information approved by this court in the case of State v. Moreaux, 254 Mo. 398, and it is based upon Section 3327, Revised Statutes 1919, and contains all of the essential elements of the offense under that section. It has been the repeated ruling of this court that an information or indictment for an offense purely statutory will be sufficient, if the language of the statute be substantially followed. The indictment here follows the language of the statute and is sufficient. [State v. Blakemore, 226 Mo. 560; 20 C. J. 457.]

*Indictment.*

II. ‑ On the assignment that the testimony was insufficient to warrant the submission of the case to the jury, we must rule adversely to appellant's contention. The testimony tended to show that as agent for the receiver of the railways company mentioned, appellant was over sixteen years of age and that he received certain moneys in the course of his employment; that it was the property of the corporation or the receiver thereof and that he converted it to his own use. Not only did witnesses see appellant, receive and retain the money at the time he should have deposited it in the fare box, but he freely admitted to his friends and associates that he had not only retained such money, when he should have deposited it, but that he kept it and converted it to his own use. This was sufficient to warrant the submission of the case to the jury. [State v. Moreaux, supra; State v. Gebhardt, 219 Mo. 708.]

*Sufficient Evidence.*

III. The instructions of the court covered all the essential allegations of the indictment, followed the language of the statute, and fully and fairly instructed the jury on all questions of law in the case and were of the substance approved in the case of State v. Moreaux, supra. [State v. Rose, 178 Mo. 25, l. c. 31 and 32; Secs. 3313, 3327, R. S. 1919.]

*Instructions.*

IV. At the close of the State's evidence the record discloses the following:

"Mr. Priest (attorney for appellant): I move to require the State to elect upon which charge of embezzlement, on which date they wish to proceed to trial upon."

To the action of the court in overruling this motion, appellant complains here. The record shows that prior to this the court had withdrawn from the consideration of the jury the first count of the indictment, leaving the single charge of embezzlement, so the motion raises the question as to whether or not embezzlement, in the circumstances of this case, committed

*Election.*

by taking money on different dates, is a series of separate offenses. This question has been many times before this court. In the case of State v. Wissing, 187 Mo. 96, the court in passing upon this identical question said:

"Where there is but one count in an information, the charge being that defendant within three years next preceding the filing of the information embezzled a certain sum of money of the Crocker-Wheeler Company, a corporation, etc., the charge is sustained by proving the embezzlement by him of any such sum or portion thereof, as set forth in the instructions, within the time limited by statute." [State v. Gebhardt, supra, l. c. 715 and 716; State v. Shour, 196 Mo. 202, l. c. 214; State v. Pratt, 98 Mo. 482, l. c. 491; State v. Wise, 186 Mo. 42.]

V. During the trial the Assistant Circuit Attorney, at his request, was granted permission to indorse the names of certain additional witnesses upon the indictment. To this appellant made objections and was overruled and complains here. The only objection made by appellant at the time was that he was surprised, and though his attorneys suggested that an affidavit of surprise would be filed, none appears to have been filed. Under the authority of State v. Stegner, 276 Mo. 427, l. c. 438, this contention must be ruled against appellant, for the reason that, as said in that case, there is no showing that the defendant, by reason of such failure to indorse the name on the indictment at an earlier date, suffered prejudice. Section 3889, Revised Statutes 1919, requires the indorsement of the names of all of the material witnesses on the indictment, yet it specifically provides that other witnesses may be subpoenaed or sworn by the State. For this additional reason appellant's objection is not tenable. [State v. Jeffries, 210 Mo. 302, l. c. 324; State v. Barrington, 198 Mo. 23; State v. Myers, 198 Mo. 225; State v. Hottman, 196 Mo. 110.] It does not appear here that the State purposely withheld the names of such witnesses, in which

State v. Julin.

event, of course, a different situation would have presented itself. [State v. Nettles, 153 Mo. 464.] Furthermore, the error, if any, should have been called to the trial court's attention by motion to quash the indictment. State v. Robinson, 263 Mo. 318.] It was not reversible error for these indorsements to be made during the trial of the case, absent any showing of prejudice suffered by appellant.

VI. The next question earnestly urged here by appellant is the action of the court in raising the punishment from one year to two years in the penitentiary. The jury returned a verdict finding appellant guilty and assessing his punishment at one year in the penitentiary. Section 4049, Revised Statutes 1919, provides as follows:

Punishment.

"If the jury assess a punishment, whether of imprisonment or fine, below the limit prescribed by law for the offense of which the defendant is convicted, the court shall pronounce sentence, and render judgment according to the lowest limit prescribed by law in such case."

The constitutional rights of appellant were not invaded or imposed upon by the action of the court in following the plain letter of the statute. Appellant had been regularly charged with crime by a grand jury, had been arraigned, was confronted by the witnesses against him, and was afforded every opportunity to make his defense and enjoyed in the trial of the case such protection and safeguards as were vouchsafed by the Constitution, both State and Federal, and this statute is but a sequence of and supplementary to Section 4048, Revised Statutes 1919. Section 3698, Revised Statutes 1919, is as follows:

"Whenever any offender is declared by law punishable, upon conviction, by imprisonment in the penitentiary for a term not less than any specified number of years, and no limit to the duration of such imprisonment is declared, the offender may be sentenced to imprisonment during his natural life, or for any number of years

292 Mo.—18

not less than such as are prescribed; *but no person shall in any case be sentenced to imprisonment in the penitentiary for any term less than two years."*

From the foregoing it is apparent that it became the duty of the trial court to change the punishment fixed by the jury to that of the minimum punishment fixed by statute and in doing so there was no violation of the constitutional rights of appellant. The punishment, upon conviction, of a number of offenses under our law is fixed by the court and not by the jury; e. g., Section 3248, Revised Statutes 1919. At the common law the verdict of the jury was guilty or not guilty, and the court fixed the punishment according to the laws in force, and the sections above quoted are not therefore in contravention of the constitutional rights of appellant and are constitutional. [State v. Hamey, 168 Mo. 167; State v. Mathews, 202 Mo. 143.]

VII. Lastly, it is complained that the verdict of the jury was improper and that the court erred in receiving it. The verdict was a general verdict and the form thereof was approved in the case of State v. Bishop, 231 Mo. 411, l. c. 415. In that case the verdict recited:

**Verdict.**

"We, the jury, find the defendant guilty of felonious assault with malice as charged in the information, and assess his punishment at imprisonment in the penitentiary for a term of three years. F. B. Calloway, Foreman."

In commenting upon this verdict in the Bishop Case the court said: "A general verdict finding the defendant guilty as charged, or as charged in the information, when returned in response to an information charging one offense, is sufficient."

The court further said that the use of the words "felonious assault with malice" did not change the form of the verdict from a general to a special verdict and that otherwise the verdict was responsive to the issues, and so say we in this case. [State v. Shour, 196 Mo.

202; State v. DeWitt, 186 Mo. 61; State v. Cook, 58 Mo. 546; State v. Williams, 191 Mo. 205.]

. A careful examination of all of the assignments of error urged by appellant, does not disclose any reversible error in the record, and we accordingly affirm the judgment and direct the execution of the sentence imposed by the trial court. *Railey* and *White,· CC.*, concur.

PER CURIAM:—The foregoing opinion by REEVES, C., is adopted as the opinion of the court. All of the judges concur.