STATE of Missouri, Respondent,

v.

Allen Curtis HAWKINS, Appellant.

No. 56990.

Supreme Court of Missouri,
Division No. 1.

June 12, 1972.

Rehearing Denied July 17, 1972.

**478**

John C. Danforth, Atty. Gen., Jefferson City, Charles B. Blackmar, Sp. Asst. Atty. Gen., St. Louis, for respondent.

Richard S. Sundeen, Kansas City, for appellant.

HIGGINS, Commissioner.

Allen Curtis Hawkins was convicted by a jury of felonious possession of marijuana (Cannabis Sativa). The jury was unable to agree on defendant's punishment; the court assessed his punishment at two years' imprisonment, and rendered judgment and sentence accordingly. §§ 195.010, 195.020, 195.200, RSMo 1969; Rule 27.03, V.A.M.R.

Appellant does not question the sufficiency of evidence to sustain his conviction; and the facts relative the single question on appeal demonstrate also that the State made its case.

Appellant contends the court erred in overruling a motion to suppress as evidence the quantity of marijuana taken from his automobile at the time of his arrest. He argues that the seizure of marijuana was illegal because he first was arrested for a parking violation, he was outside his automobile when it was searched and, therefore, there was no reasonable basis for the search and seizure. For support, appellant cites State v. Witherspoon, Mo., 460 S.W.2d 281, dealing with an unconsented-to search of the locked trunk of an automobile.

The evidence bearing on the question shows an independent and reasonable basis for the search and seizure, and a situation in which the cited case has no application.

On August 26, 1970, at approximately 10 p. m., Allen Curtis Hawkins was operating his automobile on the streets of Kansas City, Jackson County, Missouri. He parked the vehicle near 1140 Forest and, as he left it, he was approached by Patrolmen James Conners and Clark Hamilton. He was cited by Officer Conners for parking too far from the curb in violation of a Kansas City ordinance. While being so cited, Officer Hamilton went to the front of the vehicle to obtain the Kansas City license number affixed by "sticker" to the windshield. Officer Hamilton shone his flashlight on the sticker and observed on the front seat of the vehicle a hand-rolled cigarette which he reasonably believed to contain marijuana. "In past experience with narcotics in that area the only time I have run across a hand-rolled cigarette such as this with the same crimped edges and its size, the have— each time it contained marijuana and at no time has a cigarette such as that, that

I have come across, contained tobacco, to my knowledge from the lab report." Officer Hamilton further described the cigarette as being two to three times smaller in diameter than hand-rolled cigarettes containing tobacco. He had seen similar cigarettes on ten to fifteen other occasions. Prior to the arrest for possession, he also recognized the presence of the odor of smoked marijuana.

On the basis of these observations, Officer Hamilton arrested defendant for possession of marijuana. Search of the vehicle subsequent to the arrest produced the hand-rolled cigarette containing marijuana, a package of Zig Zag cigarette papers, two pipes, ashes, and six hand-rolled cigarette butts found to contain traces of marijuana. Search of defendant's person subsequent to the arrest produced four packages of marijuana varying in weight from two and one-half grams to four and one-half grams.

■ With the evidence in this posture, seizure of the marijuana cigarette was permissible under the "plain view doctrine." State v. Harre, Mo., 280 S.W.2d 41, 43; Harris v. United States, 390 U.S. 234, 88 S.Ct. 992, 19 L.Ed.2d 1067. The marijuana cigarette was open to the plain view of Officer Hamilton as he stood outside defendant's automobile, and a search is not made when the officer simply looks at that which can be seen. Nor is the impact of the plain view doctrine altered by the officer's use of his flashlight to first inspect the windshield sticker. United States v. Callahan, D.C.Minn, 256 F. Supp. 739.

■ Thus, although defendant was first detained and cited (or arrested) for a traffic violation, there was no search of his vehicle until the marijuana cigarette had been observed on the seat of the vehicle. Defendant was then lawfully arrested for possession of marijuana; and the subsequent search of his person and automobile, during which the other items of evidence were found, was reasonable as an incident of the lawful arrest. State v. Hohensee, Mo., 473 S.W.2d 379, 381 [4].

■ Appellant also argues that Officer Hamilton was unjustified in his conclusion that the hand-rolled cigarette contained marijuana. His conclusion, however, is amply supported by the evidence of his prior experience with such cigarettes and in such cases.

Judgment affirmed.

WELBORN, C., concurs.

PER CURIAM:

The foregoing opinion by HIGGINS, C., is adopted as the opinion of the court.

HOLMAN, P. J., BARDGETT, J., and RUSSELL, Special Judge, concur.

SEILER, J., not sitting.

ON MOTION FOR REHEARING

PER CURIAM.

Appellant's motion for rehearing seeks the alternative relief of remand to the circuit court for assessment of punishment and rendition of judgment consistent with § 195.200, RSMo 1969, V.A.M.S., as amended 1971, effective September 28, 1971, and in support thereof cites State v. Reiley, Mo., 476 S.W.2d 473, decided January 10, 1972, and § 1.160, V.A.M.S.

■ Appellant's conviction of possession of marijuana occurred April 21, 1971, at a time when the first conviction of that offense was a felony regardless of the amount of marijuana involved. Sec. 195.200, RSMo 1969, V.A.M.S.

While appellant's case was pending on appeal and before a final determination was made, § 195.200, RSMo 1969, V.A.M.S., as amended 1971, became effective. Sec. 195.200, subd. 1(1)(a) provides: "For the first offense of possession of thirty-five grams or less of marijuana or five grams or less of hashish, such person shall be confined in the county jail for a term of not more than one year, or be fined not more than one thousand dollars, or be punished by both such confinement and fine."

**480**

The state agrees and the record clearly demonstrates that the amount of marijuana found in possession of appellant was less than 35 grams and that this is appellant's first conviction. Thus this case falls squarely within the holding of State v. Reiley, supra, in which this court, in a factual situation practically identical to this, remanded the case for assessment of punishment and rendition of judgment consistent with Chapter 195, V.A.M.S., as now enacted.

No error was committed during the trial of this cause and, therefore, there is no occasion to set aside the verdict of guilty of the jury.

Appellant's motion for rehearing is overruled. Appellant's prayer for the alternative relief is sustained; the judgment is reversed and this cause is remanded for assessment of punishment and rendition of judgment consistent with Chapter 195, V.A. M.S. (Sec. 195.200, V.A.M.S., 1969, as amended 1971) and for further proceedings consistent with this opinion and order. Sec. 1.160, V.A.M.S.