STATE of Missouri, Plaintiff–
Respondent,

v.

Rufus M. SUMLIN, Jr., Defendant–
Appellant.

No. 73828.

Supreme Court of Missouri,
En Banc.

Dec. 17, 1991.

Scott E. Walter, Clayton, Janet M. Thompson, Columbia, for defendant-appellant.

William L. Webster, Atty. Gen., Jefferson City, Ronald L. Jurgeson, Asst. Atty. Gen., Kansas City, for plaintiff-respondent.

BENTON, Judge.

Appellant, Rufus M. Sumlin, was found guilty of violating § 195.020 RSMo 1986 [1] and was sentenced to concurrent terms of twenty years and five years under § 195.-200 (1986). A timely notice of appeal was filed.

In 1989, while the appeal was pending, the General Assembly passed S.B. 215 & 58 ("the Act"). The Act, also known as the "Comprehensive Drug Control Act of 1989," altered significant portions of Missouri's drug laws including the provisions dealing with possession of controlled substances. The Act was approved on June 19, 1989; the relevant portion of the Act had an effective date of August 28, 1989.

Among the provisions altered by this Act were those dealing with the possession of cocaine and the maximum sentence for such possession. Despite these changes, appellant's attorney did not seek a reduction of sentence in connection with the brief filed with the court of appeals on August 15, 1989.

Appellant's conviction was affirmed by the Court of Appeals, Southern District, on December 4, 1989. Both the court of appeals and this Court denied appellant's motion for transfer. *See State v. Sumlin*, 782 S.W.2d 749 (Mo.App.1989).

On March 5, 1991, appellant filed a motion to recall the mandate in the Court of Appeals, Southern District, alleging that appellate counsel was ineffective in not seeking a reduction of sentence. This motion was transferred to this Court by the court of appeals, *sua sponte*, after that court had filed an opinion.

Several issues have been raised by the parties to this case and by this Court. First, does this Court have jurisdiction to hear this case? Second, does § 1.160 apply to this case? Third, if § 1.160 applies to this case, was appellate counsel ineffective in failing to seek a reduction of sentence? Fourth, if § 1.160 applies to this case, what provisions of the Act constitute an amendment to §§ 195.020, 195.200 (1986)? Fifth, if appellant is entitled to relief, what form should that relief take?

The opinion filed by the Court of Appeals, Southern District, denied appellant's motion. We reverse that decision and retransfer the case to the southern district with directions to sustain the motion, vacate the sentence, and remand the case to the circuit court for resentencing under the 1990 statutes in accordance with this opinion.

### I. Jurisdiction

■ This case comes before this Court after transfer from the court of appeals. Both Rule 83.02 and Article V, § 10 of the Missouri Constitution state that the court of appeals may transfer a "pending" case to this Court after issuing an "opinion." Thus, if the motion to recall the mandate was properly before the court of appeals, there was certainly a case pending in the court of appeals for the purposes of both of these provisions.

■ In this case, appellant presented a claim that his appellate counsel was ineffective, through his motion to recall the mandate. This Court has held in the past that claims of ineffective assistance of appellate counsel should be presented to the appellate court in the form of a motion to recall the mandate. *See Mallett v. State*, 769 S.W.2d 77, 83 n. 5 (Mo. banc 1989). Therefore, as this case was properly before the court of appeals, it is properly before this Court after transfer.

### II. The Applicability of § 1.160

Respondent, the State of Missouri, raises two arguments as to why § 1.160 does not apply in this case.[2] First, respondent ar-

---

1. All citations herein are to either RSMo 1986 or RSMo Supp.1990. If a statute has changed since 1986, the source is noted by year in a parenthetical. If the statute has not changed since 1986, no year is noted.

2. Section 1.160 provides, in relevant part, that "no prosecution ... pending ... at the time when any statutory provision is repealed or amended shall be affected ... except ... (2) that if the penalty ... is reduced or lessened by any alteration of the law creating the offense,

gues that this case was not "pending" at the time that the Act became effective. Second, respondent argues that the Act is not an "amendatory law."

Respondent argues that, for the purposes of § 1.160, a prosecution is "pending" only until judgment is announced and a sentence imposed. In support of this argument, respondent urges this Court to overrule precedent holding that a case is "pending" until direct review has been exhausted. *See State v. Reiley,* 476 S.W.2d 473 (Mo.1972); *State v. Hawkins,* 482 S.W.2d 477 (Mo.1972).

Respondent's argument emphasizes the use of the word "assessed" in § 1.160 as a term controlling when a case is pending. This argument ignores the fact that, until a judgment becomes final, the appellate court can remand the case to the circuit court for a new trial or a new sentencing procedure at which a new penalty shall be assessed. *See* Rule 30.22; Rule 30.29.

■ Respondent also argues that construing a case as pending while it is on appeal will result in inconsistency. Any bright-line rule will result in some circumstances that seem inconsistent or inequitable. The line drawn by respondent would allow equally arbitrary results. If the General Assembly does not like the line drawn in this case, and in *Hawkins* and *Reiley,* it can change § 1.160. Until then, the provisions of § 1.160 apply to cases pending on appeal.

■ In addition, respondent argues that the Act repealed §§ 195.020, 195.200 (1986) rather than amending those sections. While the Act includes language of repeal, this language is not significant for the purposes of this case. The General Assembly typically repeals old provisions and enacts new provisions when it is in actuality amending the old provisions. A close look at the Act indicates it to be a comprehensive "alteration" of Missouri's drug laws that divided the many offenses previously contained in § 195.020 (1986) among several different new sections. As such, the

the punishment shall be assessed according to

provisions of § 1.160 clearly apply to this case.

## III. Ineffective Assistance of Counsel

The heart of the motion to recall the mandate is the claim of ineffective assistance of counsel. Appellant is only entitled to have this Court consider the merits of his claim to a reduced sentence if the failure to raise this claim when his appeal was originally filed constituted ineffective assistance of counsel rather than a waiver of this claim.

■ Under *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984), and *Sanders v. State,* 738 S.W.2d 856, 857 (Mo. banc 1987), a movant must show that his counsel's performance was deficient and that such performance prejudiced his case.

■ This Court has never held that a counsel must raise every possible claim on appeal. On the other hand, failure to raise a claim that has significant merit raises an inference that counsel performed beneath professional standards. Given the short period of time between the passage of the Act and the original brief by appellant, the failure to seek a reduction of sentence with that brief might have been excusable; but there was certainly enough time before this Court denied transfer for a reasonably diligent attorney to have discovered that the Act significantly revised the provisions relating to appellant's sentence and to seek a reduction of sentence. This Court's prior decisions made it clear that § 1.160 applied in this case. As such, there is a prima facie case indicating that appellate counsel's performance was beneath "an objective standard of reasonableness." *Strickland,* 466 U.S. at 688, 104 S.Ct. at 2064.

Appellant was clearly prejudiced by appellate counsel's performance. At this point in time, there is insufficient evidence on the record for this Court to conclude what appellant's appropriate sentence is. As such, the failure of appellate counsel to seek a reduction of sentence leaves this Court in doubt as to the validity of the

the amendatory law."

decision on original appeal to affirm his sentence as part of the affirmance of the original judgment against appellant.

 Having decided that § 1.160 applies to appellant's sentence and that the failure of appellate counsel to raise the issue constituted ineffective assistance of counsel, the question becomes which parts of the Act should control appellant's sentence. Appellant argues that § 195.202 (1990) is the *only* part of the Act that applies to him. Appellant is entitled to be resentenced under the 1990 provisions because his conviction was not yet final when the Act was passed; but he is not entitled to be resentenced solely under the most favorable part of the Act.

The question before this Court becomes: In view of the offense that appellant committed, what provisions of the new law control sentencing for the same offense?

### IV. The Dual Amendment of § 195.020.1 (1986)

At the time the appellant committed the activities for which he was convicted, only one provision of the Missouri statutes prohibited possession of a controlled substance, § 195.020.1 (1986).[3] Under it, the amount of cocaine possessed was irrelevant.[4] In 1989, the General Assembly replaced that provision with two provisions, §§ 195.202.1, 195.223.2–3 (1990), which create three levels of criminal liability based on the amount of cocaine possessed.

Appellant argues that only the lowest 1990 level—which does not require proof of the amount possessed—amended the prior

statute. Equally true, however, the highest level of liability under the 1990 provisions is a class A felony, which parallels the old offense, § 195.200 (1986), as classified by § 557.021.3 (1986).

Comparing the 1990 and the 1986 provisions is thus inconclusive. The real issue is what constitutes the relevant "offense," the triggering term in § 1.160.

While the term "offense" is used repeatedly in the Missouri Constitution and in Missouri statutes, the only definition, in § 556.061(19) (1986), is circular stating " 'offense' means any felony, misdemeanor, or infraction." On a broader level, the phrase the "same offense" anchors the double jeopardy clauses of the Missouri Constitution, Article I, § 19, and the United States Constitution, Amendment V.[5]

 Under the "same conduct" test of the Supreme Court of the United States, an offense is the "same offense" and bars a subsequent prosecution if that prosecution must prove conduct for which the defendant has already been tried. *Grady v. Corbin*, 495 U.S. 508, ——–——, 110 S.Ct. 2084, 2092–95, 109 L.Ed.2d 548 (1990).[6] The Supreme Court, in *Blockburger v. United States*, 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932), barred multiple punishments for violating multiple statutory provisions unless "each statute requires proof of an additional fact which the other does not...." This Court reached the same conclusion, citing *Blockburger*, in *State v. Charles*, 612 S.W.2d 778, 781 (Mo.

---

3. That same subsection included, essentially, all crimes under Missouri's drug laws: "It is unlawful for any person to manufacture, possess, have under his control, sell, prescribe, administer, dispense, distribute, or compound any controlled or counterfeit substance except as authorized in sections 195.010 to 195.320." § 195.-020.1 (1986).

4. Unless the substance possessed was marijuana, the minimum and maximum penalties increased only if the defendant had a prior drug offense or prior felony conviction. The penalty provision made no distinction between a conviction for possessing one gram of cocaine and for manufacturing five kilograms. *See* § 195.200 (1986).

5. This Court has held that there is "no readily discernible difference" between the double jeopardy guarantees of the federal provision and Missouri's common law tradition. *See State v. Treadway*, 558 S.W.2d 646, 651 (Mo. banc 1977), *cert. denied* 439 U.S. 838, 99 S.Ct. 124, 58 L.Ed.2d 135 (1978).

6. This test has its roots in earlier cases dealing with greater and lesser included offenses, *Harris v. Oklahoma*, 433 U.S. 682, 97 S.Ct. 2912, 53 L.Ed.2d 1054 (1977); *Brown v. Ohio*, 432 U.S. 161, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977).

banc), *cert. denied* 454 U.S. 972, 102 S.Ct. 522, 70 L.Ed.2d 392 (1981).

If the conduct charged is just possession, then, while § 195.223 (1990) requires proof of the additional fact of the amount, there is no additional fact that must be proved to convict under § 195.202.1 (1990). Therefore, under the cases, the State of Missouri can neither prosecute for possession under these two statutes in separate trials, nor punish for the same act of possession under both statutes simultaneously.[7] Clearly, the two 1990 provisions are, for the purposes of possession cases, different degrees of the same offense. While the 1986 provision had only one degree of the offense, both 1990 provisions constitute the amendment of the 1986 provision, for the purposes of § 1.160.

■ Appellant also claims that any resentencing under § 195.223 (1990) would violate the prohibition on ex post facto laws. This argument misinterprets the effect of § 1.160. The appellant was convicted under § 195.020 (1986) and sentenced under § 195.200 (1986). Section 1.160 does not change the offense of conviction nor does it authorize an increased penalty. Thus, resentencing under § 195.223 (1990) does not violate the prohibition on ex post facto laws. In fact, the sentence reductions authorized by § 1.160 are benefits not required by the prohibition on ex post facto laws.

The argument is also raised that any resentencing under § 195.223 (1990) would violate the prohibition on double jeopardy. This argument misconstrues the status of this case, the effect of this decision, and the language of § 1.160.

■ At the present time, appellant has been convicted of violating § 195.020.1 (1986) and has been sentenced under § 195.200 (1986). Section 1.160 authorizes a defendant to move for a reduction of sentence if the penalty for his offense of conviction has been reduced subsequent to

the commission of the offense but before the conviction becomes final. Appellant has so moved. This motion does *not* change the offense of conviction. This motion does require the courts to determine if the penalty for appellant's offense has been changed subsequent to his conviction. As noted above, however, the 1986 provisions cannot be neatly translated to the 1990 provisions. As such, there is a need to determine which of the 1990 provisions governs the offense which appellant committed.

This factual determination does not violate the prohibition on double jeopardy for several reasons. First, the offense of conviction stays the same. Second, the resentencing is occurring on appellant's own motion, which is analogous to resentencing following a successful appeal. *Cf. United States v. Scott,* 437 U.S. 82, 90–92, 98 S.Ct. 2187, 2193–2194, 57 L.Ed.2d 65 (1978) (double jeopardy clause does not prohibit retrial after successful appeal by defendant). Third, the maximum sentence that can be imposed is appellant's current sentence. *See North Carolina v. Pearce,* 395 U.S. 711, 723–26, 89 S.Ct. 2072, 2079–81, 23 L.Ed.2d 656 (1969); *State ex rel. Patterson v. Randall,* 637 S.W.2d 16 (Mo. banc 1982). This case is based, in its entirety, on this Court's interpretation of which statutes constitute the amendment of § 195.200 (1986) for the purposes of § 1.160 and what factual determinations are necessary to sentence appellant under that amendment. As this determination does not expose appellant to a greater sentence than he is already serving, there are no double jeopardy problems with the resentencing procedure provided for in this opinion.

Because the record does not indicate which of the 1990 provisions would govern appellant's resentencing, the state opposes the recall of the mandate. For the reasons given above in the section on ineffective assistance of counsel, appellant is entitled to have the mandate of the court of appeals

---

7. While the *Blockburger* test is only an aid to statutory construction which does not apply when the legislature clearly intends to permit multiple punishments, see *Missouri v. Hunter,* 459 U.S. 359, 365–69, 103 S.Ct. 673, 678–79, 74

L.Ed.2d 535 (1983), the language of the 1990 provisions does not indicate a clear intent to permit multiple punishments. In fact, the language shows an intent that multiple punishments are inappropriate.

recalled. *See Mallett v. State*, 769 S.W.2d 77, 83 n. 5 (Mo. banc 1989). As such appellant is entitled to have his sentence reviewed by the court of appeals.

### V. *Procedure for Resentencing Appellant*

■ Having decided that appellant is entitled to have his sentence reviewed, however, this Court finds itself on novel grounds: Three separate 1990 provisions replaced the one 1986 provision under which appellant was sentenced. In both *State v. Reiley*, 476 S.W.2d 473 (Mo.1972), and *State v. Hawkins*, 482 S.W.2d 477 (Mo. 1972), once this Court established that the amended act applied to the appellant, there was no dispute over the appropriate sentence. In this case, there is a significant dispute about the appropriate sentence.

Both sides in the dispute have legitimate points. On the one hand, no judge or jury has yet found that appellant possessed a sufficient amount of cocaine to authorize sentencing him under § 195.223 (1990) rather than § 195.202 (1990). On the other hand, while there appears to be evidence to support such a finding, that issue was not before the jury or the judge under the governing statutes at time of trial. To automatically reduce appellant's sentence would give a windfall to a small group of defendants—those with appeals pending when the provision was amended—by granting a sentence reduction that they would not have received if the provision had been amended before trial. While § 1.160 clearly allows defendants to be sentenced under more lenient provisions adopted while their cases are pending, there is no reason to construe § 1.160 to give defendants an added sentencing bonus beyond such lenient amendments. As such, while the appellant is entitled to have the 1990 provisions applied to this case, he is only entitled to have *both* § 195.202 (1990) and § 195.223 (1990) applied to his sentence, rather than just § 195.202 (1990).

This determination creates a procedural issue of first impression. No appellate court has faced a provision like § 1.160 in a case where the appropriate sentence to be

imposed on remand is disputed, and this case is *sui generis*. Neither the Revised Statutes of Missouri nor the Supreme Court Rules expressly specify the type of sentencing hearing required to resolve this issue.

If this Court simply directed the court of appeals to vacate appellant's conviction, appellant would be entitled to have a jury determine his guilt or innocence and recommend his sentence (unless he is a prior offender, persistent offender, dangerous offender, or persistent misdemeanor offender). *See* § 557.036 (1990). Because § 1.160 authorizes the reduction of *sentence* but the prosecution for the *crime* in the repealed provision, appellant could only be charged with violating § 195.020 (1986). Therefore, the instructions regarding guilt would allow only a finding of the fact of possession rather than the amount. The instructions on sentencing, and the verdict form, should require the jury to find whether it is proved beyond a reasonable doubt that the amount of cocaine possessed was above the minimum amounts established in § 195.223 (1990).

There is clear authority to support a remand to the trial level for resentencing only. Appellant's motion, while originally filed in the court of appeals is substantively equivalent to a motion to vacate sentence under Rule 29.15. As such, Rule 29.15(i) allows the motion court to resentence defendant. In addition, Rule 30.22 provides, as an alternative to ordering a new trial, that an appellate court can "direct the trial court concerning further proceedings to be taken" in the case. Furthermore, in *Thurston v. State*, 791 S.W.2d 893, 898 (Mo.App.1990), the court of appeals remanded the case for resentencing when the only invalid portion of the judgment was the sentence. Therefore, there is no legal impediment to granting a new sentencing hearing without also granting a new trial.

The appropriate new sentencing hearing for appellant is clear. Rule 30.29 dictates that if remanded back to the trial court for a new trial, the trial court shall proceed as if the case had not been removed to the

appellate court. Here, though there is no full-blown trial, it is logical to proceed in a similar manner for a new sentencing hearing. Therefore, the appellant is entitled to have a jury make a finding on the amount of cocaine under the provisions of §§ 195.-202, 195.223 (1990) unless he chooses to waive that right.[8] He is not entitled to have the jury recommend a sentence, as the determination was made at his original trial, which is not challenged, that appellant is a prior offender. After the jury makes this finding, the trial judge would then impose a new sentence, which cannot be greater than appellant's current sentence.[9]

Therefore, this case is retransferred to the Court of Appeals, Southern District, with directions to sustain the motion, vacate the sentence, and remand the case to the circuit court for resentencing under the 1990 statutes in accordance with this opinion.

ROBERTSON, C.J., and COVINGTON, HOLSTEIN, JJ., and SHANGLER, Special Judge, concur.

BLACKMAR, J., concurs in part and dissents in part in separate opinion filed.

RENDLEN, J., concurs in part and dissents in part in concurring in part and dissenting in part opinion of BLACKMAR, J.

THOMAS, J., not participating because not a member of the Court when case was submitted.

BLACKMAR, Judge, concurring in part and dissenting in part.

I concur in Parts I, II, and III of Judge Benton's opinion, and in that portion of Part IV that holds that the 1989 act amends §§ *195.020* and *195.200, RSMo 1986.* I dissent to the extent that the opinion authorizes an additional jury trial to determine the amount of cocaine possessed, which was not a material element of the offense of which the defendant was convicted.

*Section 195.202.1* of the new act is the statutory equivalent of §§ *195.020–195.200. Section 195.223* of the new act introduces a new element. I am inclined to believe that the principal opinion is correct in finding no constitutional objection. I also applaud its recognition that an additional factual element cannot be established without a jury trial. But I cannot endorse the novel procedure, authorized neither by statute nor by rule, which the Court now mandates.

I agree that the defendant might receive a "windfall." As the principal opinion recognizes, § *1.160* cannot be applied without inconsistency or inequity. But the General Assembly adopted the 1990 act with § *1.160* on the books and must be deemed to have been aware of *State v. Reiley,* 476 S.W.2d 473 (Mo.1972), and *State v. Hawkins,* 482 S.W.2d 477 (Mo.1972). It also had available *Onken v. State,* 803 S.W.2d 139 (Mo.App.1991), which taught the means for avoiding the effect of *Reiley* and *Hawkins,* even if § *1.160* remains in place. I would hold the legislature to the effect of its enactments and would not load the judicial system with an extra jury trial simply to avoid the possibility of a windfall.

The remand should simply be for resentencing under § *195.202.1.*

---

8. As this Court decided in *State v. Julin,* 292 Mo. 264, 235 S.W. 818, 820 (1921), this right to have a jury impose sentence is created by statute and is not a constitutional right.

9. Appellant's current sentence is a cap on the sentence that may be imposed as part of this new sentencing hearing for two reasons. First, the main purpose of this hearing is to determine whether the amendment of § 195.020 (1986) requires that appellant's sentence be reduced. Thus, once the jury makes the factual determination that a reduction is not required, its job is at an end. Second, double jeopardy concerns prohibit the enhancement of a defendant's penalty following a successful appeal by that defendant unless there is evidence of behavior subsequent to the first sentencing that would justify an increased penalty. *See e.g., North Carolina v. Pearce,* 395 U.S. 711, 723–26, 89 S.Ct. 2072, 2079–81, 23 L.Ed.2d 656 (1969); *State ex rel. Patterson v. Randall,* 637 S.W.2d 16 (Mo. banc 1982).