**STATE of Missouri, Respondent,**

v.

**John Edward HIRE, Appellant.**

**No. WD 42132.**

Missouri Court of Appeals,
Western District.

Dec. 15, 1992.

Motion for Rehearing and/or Transfer to Supreme Court Denied
Dec. 22, 1992.

Application to Transfer Denied
Aug. 17, 1993.

James McMullin, Kansas City, for appellant.

William L. Webster, Atty. Gen., Frank A. Jung, Asst. Atty. Gen., Jefferson City, for respondent.

Before LOWENSTEIN, C.J., and SHANGLER, TURNAGE, KENNEDY and ULRICH, JJ.

TURNAGE, Judge.

John Hire filed a motion to recall the mandate issued by this court following the affirmance of his conviction on one count of possession of methamphetamine and one count of possession of marijuana in *State v. Hire*, 785 S.W.2d 813 (Mo.App.1990). Motion granted in part and denied in part.

Hire was charged with one count of possession of more than 35 grams of marijuana in violation of § 195.020.1, RSMo 1986 [1] and punishable under § 195.200.1(1)(b). Hire was also charged in a separate count

---

1. References to §§ 195.020 and 195.200 refer to RSMo 1986. These sections were repealed in 1989.

with having under his control methamphetamine in violation of § 195.020.1 and punishable under § 195.200.1(4).

The information was filed against Hire on September 15, 1988 and following a jury trial he was found guilty on each count. Pursuant to the verdict of the jury, the court assessed punishment on June 21, 1989 at imprisonment of five years on the marijuana count and 20 years on the methamphetamine count. The sentences were ordered to run concurrently.

An appeal was filed in this court and the appellant's brief was filed December 12, 1989. The State's brief was filed on January 8, 1990 and this court affirmed Hire's conviction on March 27, 1990.

In his motion to recall mandate Hire contends that his appellate counsel was ineffective for failure to raise an issue on appeal that the punishment for the offenses of which Hire had been convicted had been reduced by the passage of the Comprehensive Drug Control Act of 1989. Hire contends in this motion that appellate counsel should have sought a reduction in Hire's sentence pursuant to § 1.160, RSMo 1986.

The drug laws of this state were significantly altered by the legislature with the passage of the Act in 1989. The Act became effective August 28, 1989.

Hire contends that the ineffectiveness of his counsel on appeal is shown by the fact that although the Act became effective August 28, 1989, his brief in this court was filed December 12, 1989 and the State's brief was filed on January 8, 1990 which gave counsel time in which to become aware of the passage of the Act and its impact on Hire.

Under *State v. Sumlin*, 820 S.W.2d 487, 490[6, 7] (Mo. banc 1991), it is clear that there was sufficient time between the effective date of the Act and the filing of the State's brief in this court in which appellate counsel should have become aware of the passage of the Act so that he could recognize the significance of that fact as it related to Hire's sentence. *Sumlin* also held that when a criminal defendant is entitled to relief under § 1.160, this shows prejudice which satisfies the second prong of the ineffectiveness of counsel test. *Id.* at 490[6, 7].

The offenses of which Hire was convicted remain offenses under the Act. Possession of marijuana and methamphetamine is prohibited by § 195.202, RSMo Cum.Supp. 1989.[2] The only change has been made in the punishment for these two offenses. Under § 195.200.1(1)(b) the punishment for conviction for the possession of more than 35 grams of marijuana was fixed at imprisonment of not more than five years or no more than one year in jail together with a fine. Hire was sentenced to five years imprisonment for the conviction on the count charging possession of more than 35 grams of marijuana.

Section 1.160 provides:

No offense committed and no fine, penalty or forfeiture incurred, or prosecution commenced or pending previous to or at the time when any statutory provision is repealed or amended, shall be affected by the repeal or amendment, but the trial and punishment of all such offenses, and the recovery of the fines, penalties or forfeitures shall be had, in all respects, as if the provision had not been repealed or amended, except (1) that all such proceedings shall be conducted according to existing laws; and (2) that if the penalty or punishment for any offense is reduced or lessened by any alteration of the law creating the offense, the penalty or punishment shall be assessed according to the amendatory law.[3]

 The evidence at Hire's trial revealed that he had possession of 182.63 grams of marijuana. The possession of more than 35 grams of marijuana but less than 30 kilograms under the Act is denominated a

---

**2.** References to §§ 195.202 and 195.223 refer to RSMo Cum.Supp.1989.

**3.** Under *Sumlin*, Hire is entitled to relief, if applicable, under § 1.160 if the new statute is effective prior to the final affirmance of his conviction. Here, the conviction was affirmed subsequent to the effective date of the Act.

Class C felony in § 195.202.2.[4] Hire had possession of less than 30 kilograms so punishment is fixed by § 195.202.2 as the punishment for a Class C felony. Under § 558.011.1(3), RSMo 1986, the punishment for a Class C felony is imprisonment for not more than seven years. The Act did not reduce the punishment for possession of more than 35 grams but less than 30 kilograms of marijuana but in fact increased the maximum punishment from five years to seven years. For that reason Hire is not entitled to any relief on the offense of possession of more than 35 grams of marijuana.

The count charging possession of methamphetamine is a different story. Under § 195.200.1(1) punishment for possession of methamphetamine was fixed at imprisonment for a term of not more than 20 years or by imprisonment in the county jail for not less than six months nor more than one year. That section provided the punishment without regard to the amount of methamphetamine which a person had in possession. Under § 195.202.2 possession of any controlled substance except 35 grams or less of marijuana constitutes a Class C felony. Under § 195.223.9(1) possession of more than 150 grams but less than 450 grams of methamphetamine constitutes a Class B felony. Possession of more than 450 grams of methamphetamine constitutes a Class A felony under § 195.-223.9(2).

Because the statute under which Hire was tried did not require a specific amount of methamphetamine, the evidence in his trial did not reveal the amount of methamphetamine which he possessed. Under *Sumlin* the above facts entitle Hire to relief on his conviction for possession of methamphetamine. 820 S.W.2d at 493[14]. As was the case in *Sumlin*, the statute under which Hire was sentenced for possession of methamphetamine has been replaced with three provisions. *Sumlin* directs that the remedy available to Hire on the sentence for possession of methamphetamine is a remand for resentence. *Id.* at 493[14]. Hire is entitled to have a jury make a finding on the amount of methamphetamine which he possessed. *Id.* at 494. If there is a jury trial as to the amount of methamphetamine which Hire possessed, the jury will not be instructed as to whether or not Hire had possession of methamphetamine but will be instructed to fix punishment under § 195.202.2 or § 195.223.-9(1)(2). In short, the jury will be instructed to fix Hire's punishment under § 195.223.-9(1) as a Class B felony at imprisonment for not less than five years and not more than 15 years if it finds that he possessed between 150 grams and 450 grams of methamphetamine. If it finds that he possessed more than 450 grams, punishment shall be assessed at imprisonment for the term specified for a Class A felony in § 558.011.-1(1).[5] If the jury finds that he was in possession of less than 150 grams then it shall be instructed to assess punishment as a Class C felony of a term not to exceed seven years.

Obviously the parties can waive a jury trial and stipulate as to the amount of methamphetamine which Hire possessed and the court shall assess punishment under either § 195.202 or § 195.223.

As to Hire's conviction on the count of possession of marijuana, the motion to recall mandate is denied. As to the count charging possession of methamphetamine, the motion to recall mandate is granted, the sentence is vacated and this cause is remanded for resentencing under the procedure outlined herein under the provisions of § 195.202 or § 195.223, whichever is found to be applicable.

All concur.

---

**4.** 1000 grams equals one kilogram so 30 kilograms would be 30,000 grams.

**5.** However, the sentence imposed on remand may not exceed the punishment imposed originally which was 20 years. *Sumlin,* 820 S.W.2d at 494 n. 9. The court retains the power to order the sentence on the methamphetamine count to run concurrent or consecutive to the marijuana count so long as the sentences do not exceed the 20 years originally imposed.