STATE of Missouri, Respondent,

v.

Howard P. WILLIAMS, Appellant.

Howard P. WILLIAMS, Appellant,

v.

STATE of Missouri, Respondent.

Nos. WD 41047, WD 42228.

Missouri Court of Appeals, Western District.

Dec. 22, 1992.

Susan L. Hogan, Appellate Defender, Kansas City, for appellant.

William L. Webster, Atty. Gen., Breck K. Burgess, Asst. Atty. Gen., Jefferson City, for respondent.

Before LOWENSTEIN, C.J., and SHANGLER, TURNAGE, KENNEDY and ULRICH, JJ.

KENNEDY, Judge.

Howard P. Williams was convicted upon jury trial of possession of cocaine under section 195.020 RSMo 1986 (repealed 1989). At the time of the commission of the crime, and still at the time of the trial, verdict, judgment and sentence, conviction for possession of cocaine carried a sentence of imprisonment up to twenty years, section 195.200.1(1) RSMo 1986 (repealed 1989), and was therefore a class A felony, section 557.021 RSMo 1986. Mr. Williams was found by the court to be a persistent offender under section 558.016.2 RSMo 1986, and his punishment was therefore not submitted to the jury, but was assessed by the court. He was sentenced to 12 years' imprisonment. Mr. Williams was also found by the court to be a repeat offender under section 558.019 RSMo 1986. The effect of this repeat offender finding was that Mr. Williams would have to serve 80 per cent of his sentence before becoming eligible for parole.

While Mr. Williams's conviction was pending on appeal in this court, section 195.020 (the statute defining the offense of possession of cocaine), and section 195.200 (the statute punishing possession of cocaine by up to 20 years' imprisonment) were repealed by The Comprehensive Drug Control Act of 1989, section 195.005 to 195.-425 RSMo Supp.1991. Section 195.202 of that act classified cocaine possession as a class C felony, instead of a class A felony. The maximum term of imprisonment for a class C felony is seven years. Section 558.-011.1(3) RSMo 1986. The amendment became effective August 28, 1989. Section 558.019, the repeat offender statute, does not apply to class C felonies, but only to class A and B felonies. *State v. Richardson,* 838 S.W.2d 122 (Mo.App.1992).

Mr. Williams maintains he is entitled to the less onerous sentencing provisions brought into effect by the new statute, specifically that he is entitled to be relieved of the repeat offender status of Section 558.019. This result is required, he says, by section 1.160 RSMo 1986, which reads as follows:

No offense committed and no fine, penalty or forfeiture incurred, or prosecution commenced or pending previous to or at the time when any statutory provision is repealed or amended, shall be affected by the repeal or amendment, but the trial and punishment of all such offenses, and the recovery of the fines, penalties or forfeitures shall be had, in all respects, as if the provision had not been repealed or amended, except (1) that all such proceedings shall be conducted according to

existing laws; and *(2) that if the penalty or punishment for any offense is reduced or lessened by any alteration of the law creating the offense, the penalty or punishment shall be assessed according to the amendatory law.* (emphasis added)

Mr. Williams's appellate counsel on the appeal of his conviction did not raise the issue of Mr. Williams's entitlement to the benefit of the reduced or lessened penalty, although The Comprehensive Drug Control Act had become effective August 28, 1989, and appellant's brief was not filed until January 31, 1990. If Mr. Williams was entitled to reduction of sentence as a result of the change in the statute, then the failure of his appellate counsel to raise the point on appeal constituted ineffective assistance of counsel, and Mr. Williams is entitled to recall of our mandate, 792 S.W.2d 33, by which his sentence, as well as his conviction, were affirmed. *State v. Sumlin,* 820 S.W.2d 487 (Mo. banc 1991).

The attorney general, underlining the word "creating" in the phrase "the law creating the offense," argues that the change effected by the 1989 amendment, which Mr. Williams now seeks to take advantage of, is merely a change in the conditions of Mr. Williams's parole eligibility, not a lessening or reduction of the penalty or punishment within the meaning of section 1.160.

It was the law creating the offense, however, which changed the classification of the offense from a class A felony to a class C felony. From that reclassification flow various consequences, one of which is the removal of the offense from the class X offender provision of section 558.019. There is no doubt the class X offender status is, and is intended to be, an enhancement of punishment, although the enhancement is accomplished by means of postponing parole eligibility beyond the time a prisoner might otherwise be eligible for parole. We are unable to accept the attorney general's contention, but hold that the removal of an offense from the operation of section 558.019 reduces or lessens the penalty or

punishment within the meaning of section 1.160.

■ Appellate counsel's failure to raise the issue of Mr. Williams's entitlement to the benefit of the reduced punishment constituted ineffectiveness of counsel. *Sumlin,* 820 S.W.2d at 490. The mandate by which we affirmed Mr. Williams's sentence, as opposed to his conviction, is vacated.

Mr. Williams does not ask relief from the underlying 12–year sentence. While the maximum sentence for cocaine possession under the new law is seven years' imprisonment, section 558.011.1(3) RSMo Supp.1991, the sentence of 12 years' imprisonment imposed by the court is authorized by Section 558.016, for Mr. Williams was charged with being, and was found by the court to be, a persistent offender under that statute. The latter statute allows the court to assess as punishment for a class C felony imprisonment for a term of years not to exceed 20 years.

■ Mr. Williams attempts to raise another point by his motion to recall mandate. That point is that his Rule 29.15 motion counsel was ineffective in failing to have Mr. Williams verify his pro se Rule 29.15 motion. Ineffective assistance of trial counsel is not a proper subject for relief by motion to recall mandate. *State v. Thompson,* 659 S.W.2d 766, 769 (Mo. banc 1983); *State v. Teter,* 747 S.W.2d 307, 308 (Mo. App.1988).

We remand the case to the trial court solely to re-sentence Mr. Williams, deleting and omitting any finding that Mr. Williams was a repeat offender under Section 558.-019.

All concur.