**STATE of Missouri, Respondent,**

v.

**Jack D. BARNARD, Appellant.**

**No. WD 52123.**

Missouri Court of Appeals,
Western District.

March 14, 2000.

Craig A. Johnston, Asst. Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Barbara K. Chesser, Asst. Atty. Gen., Jefferson City, for respondent.

Before: BRECKENRIDGE, C.J., and LOWENSTEIN and HOWARD, JJ.

## ON MOTION TO RECALL MANDATE

VICTOR C. HOWARD, Judge.

Jack D. Barnard asks us to recall our mandate and to vacate our opinion in *State v. Barnard*, 954 S.W.2d 662 (Mo.App. W.D. 1997). Barnard contends that 1) his trial counsel was ineffective for failing to inform the trial court that he was entitled to a lesser sentence on his sodomy conviction in light of changes in the law that became effective before he was sentenced, and 2) his appellate counsel was ineffective for failing to inform this court of the changes in the law. The State agrees that we should recall our mandate. We grant Barnard's request.

On August 17, 1995, Barnard was charged by amended information, as a prior offender, with sodomy, § 566.060 RSMo Cum.Supp.1993. Section 566.060.3 RSMo Cum.Supp.1993 provided that "[a] person commits the crime of sodomy if he has deviate sexual intercourse with another person to whom he is not married who is less than fourteen years old." "Deviate sexual intercourse" was defined in § 566.010(1) RSMo Cum.Supp.1993 as "any sexual act involving the genitals of one person and the mouth, tongue, hand or anus of another person." The range of punishment under § 566.060.2 RSMo Cum. Supp.1993 was life imprisonment or a term of not less than five years.

The offense for which Barnard was charged occurred on or about August 3,

1994. Trial began on November 28, 1995. In relevant part, the jury was instructed as follows:

If you find and believe from the evidence beyond a reasonable doubt: First, that on or about August 3, 1994, in the County of Bates, State of Missouri, the defendant touched [A.C.'s] vagina with his hand, and Second, that such conduct constituted deviate sexual intercourse, and Third, that [A.C.] was then less than fourteen years old, and Fourth, that defendant was not then married to [A.C.], then you will find the defendant guilty of sodomy.

\* \* \* \* \*

The jury was also instructed as to the definition of "deviate sexual intercourse" in § 566.010(1) RSMo Cum.Supp.1993.

The jury found Barnard guilty of sodomy. As a prior offender, Barnard was sentenced by the trial court to eight years in the custody of the Department of Corrections.

In 1994, the definition of "deviate sexual intercourse" was amended to read as follows:

"Deviate sexual intercourse" means any act involving the genitals of one person and the mouth, tongue, or anus of another person or a sexual act involving the penetration, however slight, of the male or female sex organ or anus by a finger, instrument or object done for the purpose of arousing or gratifying the sexual desires of any person.

§ 566.010(1) RSMo 1994.[1] In addition, the offense of first degree child molestation was created. § 566.067 RSMo 1994. Section 566.067.1 RSMo 1994 provides that "[a] person commits the crime of child

molestation in the first degree if he subjects another person who is less than twelve years of age to sexual contact."[2] Under the new statute, "sexual contact" is defined as "any touching of another person with the genitals or any touching of the genitals or anus of another person ... for the purpose of arousing or gratifying sexual desire of any person." § 566.010(3) RSMo 1994. Under § 566.067.2 RSMo 1994, child molestation in the first degree is either a class C or class B felony.

■ As to Barnard's claim that his trial counsel was ineffective, "[i]neffective assistance of trial counsel is not a proper subject for relief by motion to recall mandate." *State v. Williams*, 844 S.W.2d 562, 564 (Mo.App. W.D.1992).

■ However, "claims of ineffective assistance of appellate counsel should be presented to the appellate court in the form of a motion to recall the mandate." *State v. Sumlin*, 820 S.W.2d 487, 488 (Mo. banc 1991).[3] "To prevail on a claim of ineffective assistance of counsel, a movant must establish by a preponderance of the evidence that his attorney did not employ the skill and diligence that a reasonably competent attorney customarily should employ in similar circumstances and that this prejudiced his defense." *State v. Taylor*, 1 S.W.3d 610, 611 (Mo.App. W.D.1999), citing *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

■ Section 1.160 RSMo 1994 provides that "if the penalty or punishment for any offense is reduced or lessened by any alteration of the law creating the offense prior to original sentencing, the penalty or punishment shall be assessed ac-

1. All the amendments referred to in this paragraph became effective January 1, 1995.

2. The record on appeal indicates that A.C. was six years old at the time of the charged offense.

3. "Rule 29.15, as amended effective January 1, 1996, precludes use of a motion to recall

mandate as a means of raising claims of ineffective assistance of appellate counsel that can be raised in a timely Rule 29.15 motion. This amended rule, however, applies only to individuals sentenced on or after January 1, 1996." *State v. Taylor*, 1 S.W.3d 610, 611 n. 2 (Mo.App. W.D.1999) (citation omitted).

cording to the amendatory law." In the present case, the statute providing for the lesser sentence was in effect before trial began. Therefore, appellate counsel's failure to bring to this court's attention the statute allowing for a lesser sentence constituted ineffective assistance of counsel. *See Sumlin,* 820 S.W.2d at 490.

■ Barnard seeks a new trial, resentencing, or reversal and acquittal. In support of his argument that he should be entitled to a new trial, Barnard cites *State v. Paro,* 952 S.W.2d 339 (Mo.App. E.D. 1997). However, *Paro* is distinguishable from the present case because in that case the court found that the appellant was entitled to a new trial because the jury was instructed incorrectly as to the range of punishment. *Paro,* 952 S.W.2d at 342. In the case at bar, Barnard was sentenced by the court as a prior offender. Therefore, Appellant is entitled to resentencing, rather than a new trial. *See State v. Palmer,* 976 S.W.2d 29, 30 (Mo.App. E.D.1998); *State v. Phelps,* 965 S.W.2d 357, 360 n. 4 (Mo.App. W.D.1998). The State agrees that Appellant is entitled to resentencing on his conviction in light of the 1994 amendments to the Chapter 566 sexual offenses.

We grant Barnard's motion to recall the mandate, vacate the sentence, and remand to the circuit court for resentencing.

BRECKENRIDGE, C.J., and LOWENSTEIN, J., concur.